[No. 9301. Department Two. — March 23, 1886.]

JAMES BYRNES, Respondent, *v.* JOHN CLAFFEY, Appellant.

Debtor and Creditor — Several Obligations — Payment on Account — Application of by Creditor. — Under section 1479 of the Civil Code, a creditor to whom money is paid for the account of a debtor, who is under several different obligations to him, may apply the same to the extinction of any obligation which is then due, unless the debtor at the time of the payment manifests the intention or desire that the money should be applied to the extinction of some particular obligation.

Appeal from a judgment of the Superior Court of San Mateo County, and from an order refusing a new trial.

The facts are stated in the opinion.

*E. A. & G. E. Lawrence*, for Appellant.

*Fox & Ross*, for Respondent.

Searls, C. — This is an action upon a promissory note for nine hundred dollars, made by defendant on the twentieth day of November, 1871, payable to plaintiff five days after date with interest at one (1) per cent per month. Plaintiff had judgment for $916.60, from which, and from an order denying a new trial, defendant appeals.

Plaintiff was a merchant, and as such had an account with defendant, which at the date of the note was settled by the giving of such note. Defendant made two payments, one of $374 on the 28th of December, 1871, and the other of $101.40, about May 28, 1872, which were credited on the note.

It appears that on September 24, 1873, plaintiff received for account of defendant from George Fox $220, and in December, 1874, from one Kelso $250; also in October, 1874, $15 in cash, which sums defendant claims should be credited on the note.

Plaintiff on the other hand asserts that defendant had in the mean time become indebted to him on a new book-

account since the note was given, in an amount in excess of the payments; that most of this was for cash advanced to defendant and for mules sold to him, and that as defendant did not direct him where to apply the payments, he applied them at the date of payment, in part satisfaction of the open account.

The findings are in accord with the theory of the plaintiff, and are amply supported by the evidence.

Indeed, about the only evidence which militates against plaintiff's theory is a statement of account made out by one Lovell, a clerk of plaintiff, since suit brought, in which defendant is allowed interest on the several payments as though made upon the note and not upon the open account.

This statement, plaintiff testifies, is not in accord with the books by him kept, and as he presented his books at the request of the defendant, and as the latter makes no pretense that they contradict the testimony of the plaintiff, we may assume that they corroborate his statement.

The testimony of Lovell also lends strength to the testimony of plaintiff in several respects, though in others it seems to conflict therewith.

The Civil Code, section 1479, provides:—

"When a debtor, under several obligations to another, does an act by way of performance, in whole or in part, which is equally applicable to two or more of such obligations, such performance must be applied as follows:—

"1. If at the time of performance the intention or desire of the debtor that such performance should be applied to the extinction of any particular obligation be manifested to the creditor, it must be so applied.

"2. If no such application be then made, the creditor, within a reasonable time after such performance, may apply it toward the extinction of any obligation, performance of which was due him from the debtor at the time of such performance; . . . . and an application

once made by the creditor cannot be rescinded without the consent of (the) debtor."

The payments were applied in accordance with this rule, and the judgment and order appealed from should be affirmed.

FOOTE, C., and BELCHER, C. C., concurred.

The COURT.—For the reasons giving in the foregoing opinion, the judgment and order are affirmed.